UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TRISURA SPECIALTY INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>BRITO & SON TRANSPORT, INC., GEOSDEY PULIDO MOYA, and KENNETH HUGHES<br><br>Defendants. | CAUSE NO.  1:24-cv-354 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Trisura Specialty Insurance Company ("Trisura"), by counsel, and for its *Complaint for Declaratory Judgment* against Defendants Brito & Son Transport, Inc. ("Brito & Son"), Geosdey Pulido Moya ("Moya"), and Kenneth Hughes ("Hughes"), seeks an order and judgment from this Court declaring that Plaintiff has no duty to defend, indemnify, and/or pay any settlement, judgment, verdict, or award under any policies of insurance issued by Trisura to Defendant Brito & Son in an underlying lawsuit filed by Kenneth Hughes. In support of this Complaint, Plaintiff states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Trisura is now and has been at all times relevant an insurance company, incorporated in the state of Oklahoma, with its principal place of business in Oklahoma City, Oklahoma County, Oklahoma. Trisura is therefore a Citizen of Oklahoma for

jurisdictional purposes.

2. Defendant Brito & Son is now and has been at all times relevant a Florida for-profit corporation incorporate in Florida, with its principal place of business located in Hialeah, Miami-Dade County, Florida. Defendant Brito & Son is therefore a Citizen of Florida for jurisdictional purposes.

3. Defendant Moya is an individual whose residence and domicile is located in Hialeah, Miami-Dade County, Florida. Defendant Moya is therefore a Citizen of Florida for jurisdictional purposes.

4. Defendant Hughes is an individual whose residence and domicile is located in Kokomo, Howard County, Indiana. Defendant Hughes is therefore a Citizen of Indiana for jurisdictional purposes.

5. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000.00 excluding interest and costs.

6. This Court also has jurisdiction over this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201. An actual and substantial controversy exists between the parties. Plaintiff Trisura seeks declarations that there is no coverage for Brito & Son in connection with an underlying lawsuit filed by Defendant Hughes.

7.   Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this cause of action, namely the automobile collision that gave rise to the underlying lawsuit, occurred in this District and Division.

## FACTUAL ALLEGATIONS

*The Trisura Policy*

8.   Trisura issued a Motor Carrier insurance policy to Brito & Son Policy No. MIT-RENND2000036-1009 for the period of July 23, 2022, to July 23, 2023 (the "Policy"). A certified copy of the Primary Policy is attached hereto and incorporated herewith as Exhibit "A."

9.   The Policy states, in pertinent part:

> **MOTOR CARRIER COVERAGE FORM**
> **SECTION II – COVERED AUTOS LIABILITY COVERAGE**
> **PARAGRAPH A – COVERAGE (LANGUAGE PRIOR TO ITEM 1) - IS REPLACED BY THE FOLLOWING:**
>
> A. COVERAGE
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or "property damage" to which this insurance applies that is

caused by the same "accident".

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements. Any expenses, including without limitation attorney fees, interest and court costs taxed, incurred in investigating any claim or "suit" or defending any "insured" will reduce the Liability Coverage Limit of Insurance by the amount of the expenses.

**MOTOR CARRIER COVERAGE FORM**
**SECTION II – COVERED AUTOS LIABILITY COVERAGE**
**PARAGRAPH A - COVERAGE, ITEM 1 – WHO IS AN**
**INSURED - IS REPLACED BY THE FOLLOWING:**

A. COVERAGE

1. WHO IS AN INSURED

a. You for any covered "auto" only when the covered "auto" is driven by an "approved
driver" described in paragraph b. of the section:

b. Any "approved driver" authorized as a commercial licensed driver while operating a
covered "auto" with your knowledge and consent under your operating authority. No
coverage will apply to any driver until:

(1) You report that driver to us and we advise you in writing that the driver is
acceptable to us and that the driver is covered under the policy as an "approved
driver". Coverage on any such "approved driver" will become

effective as of the
date and time we advise you of approval in writing and not before. Coverage is
subject to the reporting methods outlined and agreed to in the notification
procedure outline signed by you and your agent prior to coverage being affected
under the policy.

*See* Ex. A, pp. 71-72.

### SECTION VI – DEFINITIONS

**G.** "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

*See* Ex. A, p. 64.

10. The Policy also states:

   **PROGRAM REQUIREMENTS**
   **To be eligible for this Insurance Program the insured must utilize the Clear Connect Solutions, CCS, Administration and Compliance platform or an equivalent provider approved by TIP National, LLC. All drivers and vehicles must be cleared and vetted by CCS and be Endorsed and Scheduled on the policy or coverages will be NULL and VOID.**

*See* Ex A, p. 1.

### *Claim on Trisura Policy*

11. Hughes made a claim on the Policy for both property damage and bodily injury resulting from an automobile collision involving Hughes and Moya occurring on May 7, 2023.

12. Hughes alleged Moya was employed by Brito & Son and driving for Brito & Son when the collision occurred.

13. North American Risk Services ("NARS") sent Brito & Son a letter dated May 22, 2023, on behalf of Trisura, denying coverage for the Hughes' claims on the Policy because Moya was not an "approved driver" listed on the Policy. A copy of the May 22, 2023 letter is attached hereto and incorporated herewith as Exhibit "B."

14. On February 7, 2024, NARS sent another letter on behalf of Trisura, reiterating Moya was not approved and scheduled on the Policy at the time of the loss, therefore there is no coverage afforded for Hughes' claim under the Policy. A copy of the February 2024 letter is attached hereto and incorporated herewith as Exhibit "C."

### *The Underlying Hughes Action*

15. On or about June 7, 2024, Hughes filed a Complaint for Damages (the "Complaint") in the lawsuit captioned *Kenneth Hughes v. Brito & Sons Transport, Inc. and Geosdey Pulid Moya*, which is currently pending in the Grant County Circuit Court, State of Indiana, under Cause No. 27C01-2406-CT-000045 (the "Hughes Action"). A true and accurate copy of the original Complaint filed in the Hughes Action is attached hereto and incorporated herewith as Exhibit "D."

16. In the Complaint, Hughes alleges that Moya, while driving a motor vehicle, failed to yield the right of way and caused a collision with Hughes at the intersection of the I-69 exit ramp and State Road 18 in Grant County, Indiana on May 7,

2023, causing personal injuries (the "Collision"). *See*, Ex D, ¶¶ 9-11.

17. Hughes further alleges that at the time of the Collision, Moya was operating within the scope of his employment with Brito & Son. *See*, Ex. D, ¶¶ 6.

18. In the Complaint, Hughes seeks damages for his injuries from the Collision against Brito & Son, alleging that Brito & Son, through its employee, Moya was negligent and careless in or more of the following respects:

- Moya carelessly and negligently failed to yield the right-of-way to oncoming traffic;
- Moya carelessly and negligently failed to keep a proper lookout so as to observe the Plaintiff's vehicle;
- Moya carelessly and negligently failed to keep the vehicle he was operating under proper control so as to avoid striking the Plaintiff's vehicle;
- Moya carelessly and negligently failed to exercise reasonable care under the circumstances to change, alter, or divert the course of the vehicle he was operating so as to avoid a collision with the Plaintiff's vehicle; and
- Moya carelessly and negligently disregarded a signal and/or regulatory sign.

Ex. D, ¶ 12.

19. The Complaint further alleges that Brito & Son was "careless and negligent due to its failure to properly hire, select, train and/or supervise its employees." Ex. D, ¶ 13.

20. Brito & Son tendered the Complaint in the Hughes Action to Plaintiff for defense and indemnity.

21. By letter dated August __, 2024, Plaintiff denied coverage to Brito & Son for

the Hughes Action under the Policies. A true and correct copy of the August __, 2024, coverage correspondence is attached hereto and incorporated herewith as Exhibit "E."

## COUNT I: DECLARATORY JUDGMENT

22. Plaintiff hereby reiterate and incorporate by reference the material allegations set forth in Paragraphs 1 through 21 herein.

23. The claims, allegations, and damages against Brito & Son in the Hughes Action are that Brito & Son was vicariously liable for the negligence of its employee, Moya in causing the Collision and that Brito & Son was careless and negligent due to its failure to properly hire, select, train and/or supervise its employees.

24. There is no coverage for the claims, causes of action and damages claimed in the Hughes Action under the Policy.

25. Accordingly, Trisura has no duty to defend, indemnify, or pay any claim, settlement, judgment, verdict, or award on behalf of Brito & Son nor Moya in connection with the Hughes Action under the Policy.

26. Hughes is named as a nominal but indispensable party to this litigation, because he is the underlying plaintiff and claimant who may be impacted by the insurance coverage available to Brito & Son under the Policy, and should be bound by any determination with regard to insurance coverage under the Policy herein.

WHEREFORE, Trisura, by counsel, prays for judgment against Defendants as follows:

1. Declaring that Trisura has no obligation to defend, indemnify, or otherwise provide coverage for Brito and Son Transport, Inc. nor Geosdey Pulido Moya, or to pay any claim, settlement, judgment, verdict, or award in connection with any claim or suit arising out of or in connection with the Hughes Action, under the Motor Carrier Policy of insurance at issue in this action;

2. Declaring that Kenneth Hughes is equally bound by the determination and judgment of the Court in this declaratory judgment action; and

3. For all other proper relief in the premises.

Respectfully submitted,

*/s/ Meghan E. Ruesch*
Meghan E. Ruesch, Atty. No. 32473-49
C. Chase Wilson, Atty. No. 38386-29
LEWIS WAGNER, LLP
1411 Roosevelt Avenue, Suite 102
Indianapolis, IN 46201
Phone: 317.237.0500
Fax: 317.630.2790
E-Mail: mruesch@lewiswagner.com
E-Mail: cwilson@lewiswagner.com
*Attorneys for Plaintiff,*
*Trisura Specialty Insurance Company*